# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| | |
|---|---|
| SANDRA LYNN BLACKBURN, | CIVIL ACTION NO. 6:19-104-KKC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| ANDREW SAUL, Acting Commissioner of Social Security, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on cross-motions for summary judgment. (DE 9; DE 11.) The claimant, Sandra Lynn Blackburn, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for Title II Disability and Disability Insurance Benefits on July 26, 2018. The Court, having reviewed the record, will affirm the Commissioner's decision because it was supported by substantial evidence and decided by the proper legal standards. Accordingly, the Commissioner's motion for summary judgment (DE 11) is **GRANTED**, and Blackburn's motion for summary judgment (DE 9) is **DENIED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In the present case, Blackburn filed an initial claim for disability on June 29, 2015. (Administrative Record "AR" at 124.) After being denied initially and upon reconsideration, Blackburn filed a request for hearing before an administrative law judge ("ALJ"). (AR at 179.) On July 26, 2018, the ALJ rendered an unfavorable decision, and Blackburn filed an appeal with the Appeals Council. (AR at 92.) On February 19, 2019, the Appeals Council rendered an unfavorable decision. (AR at 5.) Thereafter, Blackburn filed the present action.

1

This Court's review of the ALJ's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009). In denying Blackburn's claim, the ALJ engaged in a five-step sequential process set forth in the regulations under the Social Security Act. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Blackburn has not engaged in substantial gainful activity since June 7, 2015 the alleged onset date. (AR at 79.)

At step two, the ALJ determined that Blackburn has the following severe impairments: mild osteoarthritis of the right hand, trigger finger of the right hand, mild right carpal tunnel syndrome (CTS), mild degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease (COPD), diabetes mellitus with neuropathy, obesity, depression, and anxiety. (AR at 80.) The ALJ also considered Blackburn's hypertension, hyperlipidemia, migraines, obstructive sleep apnea, prior history of skin cancer, overactive bladder, alleged panic attacks, and PTSD and found that such impairments are not severe. The ALJ further considered Blackburn's assertion that she suffers from mood swings and found that her complaints were insufficient to establish a medically determinable impairment. (AR at 80-81.)

At step three, the ALJ found that Blackburn does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 81.)

Before proceeding to step four, the ALJ determined that Blackburn has the residual functional capacity ("RFC") to perform light work as defined under 20 C.F.R. § 404.1567(b), except that she has certain postural, environmental, manipulative, and mental limitations. The ALJ found that she can occasionally climb ladders, ropes, and scaffolds; she can

frequently stoop, crouch, crawl, and climb ramps/stairs; she must avoid concentrated exposure to extreme cold, extreme heat, humidity, vibrations, and irritants such as fumes, odors, dust, gases, and poorly ventilated areas; she can frequently (but not repetitively) handle and finger with the dominant right hand; she can understand, remember, and carry out simple instructions; she can only work in a low-stress job (defined as a job that requires only occasional decision making and has only occasional changes in the work setting); she can occasionally interact with the public, co-workers, and supervisors; she can frequently push and pull with the lower extremities, reach overhead with the right upper extremity, reach in front and laterally with the right upper extremity, handle and finger; and she can occasionally be exposed to unprotected heights or dangerous moving machinery. (AR at 84.) The ALJ found that Blackburn's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, he found that her statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical and other evidence. (AR at 89.)

At step four, the ALJ found that Blackburn is unable to perform any past relevant work. (AR at 90.)

At step five, the ALJ found that, there are jobs in the national economy that Blackburn can perform. (AR at 91). The ALJ considered Blackburn's RFC, age, education, and work experience in determining that she is not disabled.

Blackburn raises two overall challenges to the ALJ's decision. First, she asserts that the ALJ failed to properly evaluate her subjective complaints of pain. Second, she asserts that the ALJ's determination that she is not disabled is not supported by substantial evidence. (DE 9-1 at 13-18.)

After reviewing the parties' summary judgment motions, the Court finds that the ALJ properly evaluated Blackburn's subjective complaints of pain, and his decision was supported

3

by substantial evidence. Accordingly, the Court grants the Commissioner's motion for summary judgment.

## II.   ANALYSIS

### A. Legal Standard.

The Court's review of the Commissioner's decision is limited to an inquiry as to whether the decision was supported by substantial evidence and decided by proper legal standards. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). When an ALJ's decision is based on substantial evidence, it is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted).

### B. Substantial Evidence Supported the ALJ's Decision.

Blackburn's motion, at first blush, appears to raise two arguments. First, she asserts that the ALJ failed to properly evaluate her subjective complaints of pain in determining her RFC. (DE 9-1 at 13.) Second, she asserts that the ALJ's decision was not supported by substantial evidence. (DE 9-1 at 16.) But Blackburn does not allege in any detail the reasons why she believes that the ALJ's decision was not based on substantial evidence. She simply argues that when considering the evidence, "the combined effects of [her] physical and mental impairments, reflect that she could not perform a wide range of even sedentary work on a regular and sustained basis." Additionally, Blackburn does not challenge the ALJ's determination at any of the steps set forth in the regulations under the Social Security Act. Instead, she appears to be challenging only the ALJ's determination of her RFC. Thus, considering the Court's limited review, her two arguments essentially amount to a single

4

assertion: the ALJ's determination that Blackburn has the RFC to perform light work, with specific limitations, was not supported by substantial evidence.

There is substantial objective evidence supporting the ALJ's determination that Blackburn could perform light work with specific postural, environmental, manipulative, and mental limitations. ALJs use a two-part analysis in evaluating complaints of disabling symptoms: (1) the ALJ will determine whether there is an underlying, medically determinable, physical impairment or mental impairment that could reasonably be expected to produce the claimant's symptoms; and (2) if the ALJ finds that such an impairment exists, he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. 20 C.F.R. § 404.1529; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). In evaluating a claimant's severity of symptoms, relevant factors include: (i) the individual's daily activities; (ii) the location, duration, frequency, and intensity of the pain; (iii) factors that precipitate and aggravate symptoms; (iv) the type, dosage, effectiveness, and side effects of medication; (v) the treatment the individual receives or has received for relief; (vi) any other measures the individual has used to relieve pain; and (vii) any other factors concerning the individual's functional limitations. 20 C.F.R. § 404.1529(c)(3)(i)-(vii). "Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints based on a consideration of the entire case record," including medical signs and laboratory findings, the claimant's own complaints of symptoms, any information provided by treating physicians and others, statements by persons familiar with how the claimant's symptoms may affect her daily life, and any other relevant evidence contained in the record. *Rogers*, 486 F.3d at 247; 20 C.F.R. § 404.1529(c)(4). An ALJ is required to evaluate the claimant's symptoms and diminish her capacity for basic work activities to the extent that

5

her alleged functional limitations and restrictions due to her symptoms can reasonably be accepted as consistent with the objective medical and other evidence. 20 C.F.R. § 404.1529. Courts generally must defer to an ALJ's credibility determination because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Duncan v. Secretary of HHS*, 801 F.2d 847, 852 (6th Cir.1986) (quoting *Kirk v. Secretary of HHS*, 667 F.2d 524, 535 (6th Cir.1981), *cert. denied*, 461 U.S. 957 (1983)). However, the ALJ's determination must contain specific reasons for the weight given to the claimant's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the claimant and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms. *Rogers*, 486 F.3d at 247-48; Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Oct. 25, 2017).

The ALJ determined that Blackburn has the RFC to perform light work as defined under 20 C.F.R. § 404.1567(b), except she has certain postural, environmental, manipulative, and mental limitations. The ALJ found that she can occasionally climb ladders, ropes, and scaffolds; she can frequently stoop, crouch, crawl, and climb ramps/stairs; she must avoid concentrated exposure to extreme cold, extreme heat, humidity, vibrations, and irritants such as fumes, odors, dust, gases, and poorly ventilated areas; she can frequently (but not repetitively) handle and finger with the dominant right hand; she can understand, remember, and carry out simple instructions; she can only work in a low-stress job (defined as a job that requires only occasional decision making and has only occasional changes in the work setting); she can occasionally interact with the public, co-workers, and supervisors; she can frequently push and pull with the lower extremities, reach overhead with the right upper extremity, reach in front and laterally with the right upper extremity, handle and finger; and she can occasionally be exposed to unprotected heights or dangerous moving machinery. (AR at 84.) In determining Blackburn's RFC, the ALJ considered her medical history—including

6

medical records from treating physicians, consultative physical examinations and opinions, consultative mental status evaluations and opinions, stage agency reviewing medical and mental health consultant's opinions, and function reports—and testimony regarding her symptoms. (AR at 83-89.) The ALJ found that Blackburn's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, he found that her statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical and other evidence. (AR at 89.)

Blackburn makes conclusory assertions that the ALJ failed to consider the effect of her chronic migraines, back pain, COPD, dependence on supplemental oxygen, and CTS. (DE 9-1 at 13-16.) However, the ALJ specifically considered each of those conditions and Blackburn's reported associated symptoms. The ALJ found that Blackburn's assertions regarding those symptoms were not supported by the weight of the evidence. (AR at 89.) Moreover, the ALJ's determination that Blackburn has the RFC to perform light work with certain limitations was decided under the proper legal standards and supported by substantial evidence. (AR at 83-90.)

The ALJ considered that since Blackburn's alleged onset date of June 7, 2015, she continued to work part time for the following six months. (AR at 89.) Additionally, in a function report dated August 2015, Blackburn reported that she was able to drive, run errands, care for her son, complete some household chores, mow the law on a riding mower, and shop when needed. (AR at 285-93.) In another function report in 2016, Blackburn stated that she would get her son up for school, swept the floor, dusted, made small meals, ate out once a week, and would read or use her tablet to pass time. (AR at 313-26.) The ALJ also considered Blackburn's report of frequent migraines. However, an MRI in July 2017 was normal. (AR at 753.) The ALJ further considered Blackburn's report of low back pain with radiation in her legs. (AR at 89.) However, a lumbar spine x-ray in October 2015 revealed

7

only mild degenerative disc and joint disease. (AR at 443.) Regarding Blackburn's diabetes and associated symptoms, the ALJ considered that in September 2016, she reported a poor adherence to her diabetic diet and missed doses of medication. (AR at 508.) The ALJ also carefully considered Blackburn's reported breathing problems and need for supplemental oxygen. Although one of her treating physicians reported that she was dependent on supplemental oxygen and recommended a plan for Blackburn, which included 24-hour O2 therapy (AR at 514), there was significant evidence in the record contradicting the physician's findings. *See Bledsoe v. Barnhart,* 165 F. App'x. 408, 412 (6th Cir. 2006) (A finding that the treating physician's opinions are inconsistent with the record is a sufficient reason for discrediting those opinions.). The ALJ considered a pulmonary function study in April 2016 that showed moderate restriction with mild obstruction (AR at 496), a report in February 2017 showing 96 percent oxygen saturation and that her lungs were clear to auscultation (AR at 635), a recommendation in 2018 from one of her treating physician's that she should "use oxygen as needed" (AR at 872-74), and Blackburn's report in December 2017 that she only used oxygen "at times" (AR at 820). The ALJ further considered Blackburn's multiple medical records reporting that she smoked between a half and a full pack of cigarettes a day, despite being repeatedly told to stop. *See Blaim v. Comm'r of Soc. Sec.*, 595 F. App'x 496, 499 (6th Cir.2014) (unpublished) ("[Claimant's] persistent noncompliance with his medication and his persistent disregard of his doctors' advice, moreover, suggested that his conditions were not as severe as he made them out to be"). The ALJ also contemplated Blackburn's mental health history and alleged symptoms. He considered Blackburn's complaints of anxiety and depression dating back several years, her treatment with medications, and the inconsistency of follow-up appointments. (AR at 88-90.) The ALJ gave considerable weight to the mental assessments of the state agency psychological consultants who examined Blackburn in 2015 and 2016. (AR at 90.) These psychologists opined that Blackburn has a

severe mental impairment, however, they found that she was not significantly limited in her ability to: understand, remember, and carry out short and simple instructions; sustain an ordinary routine without special supervision; accept instructions; and respond appropriately to criticism from supervisors. They additionally found that she has no more than moderate limitations in her ability to maintain concentration and attention for extended periods, work in coordination with or in proximity to others without distraction, interact with the general public, as well as get along with coworkers without distracting them or exhibiting behavioral extremes. (AR at 125-61.) The ALJ also gave great weight to Dr. Megan Green who performed a consultative mental status examination on Blackburn. (AR at 90.) Green opined that Blackburn would likely be capable of responding appropriately to supervision, relating effectively to co-workers, sustaining adequate concentration, and understanding, remembering, and carrying out instructions. (AR at 438-42.) Finally, regarding Blackburn's symptoms associated with her CTS and osteoarthritis to her right hand, the ALJ added specific limitations to her RFC to account for those conditions. (AR at 83-84, 89.)

The ALJ's decision adequately considered Blackburn's medical history, testimony, and reported symptoms in determining that she has the RFC to perform light work. The Court finds that a reasonable mind might accept the foregoing evidence as adequate to support the ALJ's determination. The ALJ appropriately evaluated the relevant factors and diminished Blackburn's capacity for basic work activities to the extent that her alleged functional limitations and restrictions due to her symptoms can reasonably be accepted as consistent with the objective medical and other evidence. The ALJ provided specific reasons for discounting Blackburn's reported symptoms, and he explained why certain opinions were entitled to greater weight than others. Accordingly, the ALJ's decision must stand since it was supported by substantial evidence and decided under the proper legal standards. *See Perales*, 402 U.S. at 390.

## III.   CONCLUSION

Based on the forgoing, the Court **HEREBY ORDERS** as follows:

(1) Blackburn's motion for summary judgment (DE 9) is **DENIED**.

(2) Defendant's motion for summary judgment (DE 11) is **GRANTED**.

(3) The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards.

(4) A judgment will be entered contemporaneously with this order.

Dated August 20, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY